UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. HORTON, JR.,<br><br>                       Petitioner,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                       Respondent. | Civil No.   07cv1371-BEN (NLS)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction from the Los Angeles County Superior Court. In accordance with the practice of district courts in California, the Court transfers the Petition to the United States District Court for the Central District of California, Western Division.

      A petition for writ of habeas corpus may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner here attacks a conviction suffered in the Los Angeles County Superior Court. (Pet. at 2.) That court is located in Los Angeles County, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. See 28 U.S.C. § 84(c)(2). Petitioner is presently confined at

1  the California Correctional Institution at Tehachapi, California.  That prison is located within
2  the jurisdictional boundaries of the United States District Court for the Eastern District of
3  California.  See 28 U.S.C. § 84(b).  Jurisdiction over this Petition thus exists in the Central
4  District, Western Division, and in the Northern District.  See 28 U.S.C. § 2241(d).

5  Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
6  Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
7  jurisdiction the court shall transfer the action to any other such court in which the action could
8  have been brought 'if it is in the interest of justice.'"  Miller v. Hambrick, 905 F.2d 259, 262 (9th
9  Cir. 1990) (citing In re McCauley, 814 F.2d 1350, 1351-52 (9th Cir. 1987)).  The Ninth Circuit
10 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
11 be in the interest of justice because normally dismissal of an action that could be brought
12 elsewhere is "time-consuming and justice-defeating."  Miller, 905 F.2d at 262 (quoting
13 Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962).  Therefore, pursuant to 28 U.S.C. § 1631,
14 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
15 § 2241(d).  It is generally the practice of the district courts in California to transfer habeas
16 actions challenging a state conviction to the district in which a petitioner was convicted.  Any
17 and all records, witnesses and evidence necessary for the resolution of a petitioner's contentions
18 are more readily available in that district.  See Braden, 410 U.S. at 497, 499 n.15; Laue v.
19 Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  In this case, that district is the Central District
20 of California, Western Division.  Therefore, in the furtherance of justice,

21  **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States
22 District Court for the Central District of California, Western Division.  See 28 U.S.C. § 2241(d).

23  **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order
24 upon Petitioner and upon the California Attorney General.

25 DATED: July 30, 2007

27  Hon. Roger T. Benitez
    United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28